PD-0312-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/5/2015 11:27:59 AM
Accepted 6/8/2015 3:26:14 PM
ABEL ACOSTA
CLERK

No. PD-0312-15

## IN THE TEXAS COURT OF CRIMINAL APPEALS

---

### ROBERT SCOTT SHEARER, Petitioner/Appellant

### V.

### THE STATE OF TEXAS, Respondent/Appellee

---

**Petition for Discretionary Review**
**From the 10th Court of Appeals Cause No. 10-14-00031-CR;**
**Appealed from County Court at Law No. 2**
**Brazos County, Texas**
**Trial Court Cause Number 5054-A**

---

STATE'S REPLY TO PETITION FOR DISCRETIONARY REVIEW

---

**THE STATE OF TEXAS**

**RODNEY W. ANDERSON**
Brazos County Attorney

**ERIC K. QUISENBERRY**
Assistant County Attorney
Brazos County, Texas
300 E. 26th Street, Suite 1300
Bryan, Texas 77803
Telephone: (979) 361-4300
Fax: (979) 361-4312
State Bar No. 24077850
equisenberry@brazoscountytx.gov

FILED IN
COURT OF CRIMINAL APPEALS

June 8, 2015

ABEL ACOSTA, CLERK

**Oral Argument Requested**

i

# IDENTITIES OF PARTIES AND COUNSEL

APPELLANT:                    ROBERT SCOTT SHEARER
                              917 Franklin, Suite 230
                              Houston, Texas  77002


APPELLEE:                     THE STATE OF TEXAS


                              RODNEY W. ANDERSON
                              Brazos County Attorney

                              ERIC K. QUISENBERRY
                              Assistant County Attorney
                              300 E. 26th Street, Suite 1300
                              Bryan, Texas  77803
                              equisenberry@brazoscountytx.gov


                              STATE PROSECUTING ATTORNEY
                              209 W. 14th Street
                              Austin, Texas  78701
                              information@spa.texas.gov


TRIAL JUDGE:                  HON. JIM LOCKE

# **TABLE OF CONTENTS**

IDENTITIES OF PARTIES AND COUNSEL……………………………….………ii

TABLE OF CONTENTS……………………………………………….……………iii

INDEX OF AUTHORITIES………………………………………………....……..iv

STATEMENT REGARDING ORAL ARGUMENT……………………………...1

STATEMENT OF THE CASE………………………………………………………1

STATEMENT OF PROCEDURAL HISTORY…………………………………...1

ARGUMENT………………………………………………………….……………3

   I.  SHEARER'S PETITION IS UNTIMELY………………………….....................3

   II. THE 10TH COURT OF APPEALS DID NOT HOLD IT LACKED JURISDICTION TO HEAR THE APPEAL…………………......…………………………….…………4

   III. THE 10TH COURT OF APPEALS PROPERLY DISMISSED THE APPEAL FOR WANT OF PROSECUTION…………………………………………………………..5

PRAYER………………………………………………………………...………7

CERTIFICATE OF SERVICE…………………………………………………..8

CERTIFICATE OF COMPLIANCE…………………………………...………..9

# INDEX OF AUTHORITIES

**STATUTES**

TEX. R. APP. 66.3………………………………………………………………...5

TEX. R. APP. 68.11………………………………………………………………….3

TEX. R. APP. 68.2………..……………………………………………………….3

TEX. R. APP. 68.6……………………………………………………………...4

## STATEMENT REGARDING ORAL ARGUMENT

Although Shearer failed to present any merited issue worth of discretionary review and oral argument is not necessary, the State requests oral argument to preserve its right to participate should the Court grant Shearer's request.

## STATEMENT OF THE CASE

The 10th Court of Appeals properly dismissed Shearer's appeal of a traffic ticket for want of prosecution. Shearer never filed a brief and further failed to respond to the Court's request for specific information. The 10th Court never issued an opinion nor made any holding regarding its jurisdiction, but rather dismissed the appeal for want of prosecution after Shearer wholly failed to prosecute his appeal.

## STATEMENT OF PROCEDURAL HISTORY

As the 10th Court of Appeals dismissed Shearer's appeal specifically and solely for want of prosecution, a timeline of the procedural history in this case is necessary for proper perspective of Shearer's petition. The facts are as follows:

**May 1, 2013** – Brazos County Justice of the Peace Precinct 1 issues a conviction for the offense of speeding and assesses a $120 fine.

**May 13, 2013** – Shearer files a Notice of Appeal and Appeal bond with Precinct 1.

**December 19, 2013** – Brazos County Court at Law No. 2 places Shearer on 180 days deferred disposition for his traffic ticket and assesses a $200 special expense.

1

**December 30, 2013** – Shearer files his Notice of Appeal.

**September 18, 2014** – The 10ᵗʰ Court of Appeals issues a letter setting a deadline of October 20, 2014, for Shearer to file his Appellant's Brief.

**November 7, 2014** – The 10ᵗʰ Court of Appeals issues a letter stating that no brief has been filed and setting a deadline of November 21, 2014, for Shearer to file a response regarding why no brief has been filed.

???[1] – Shearer filed a motion for extension of time to file his Appellant's Brief.

**December 17, 2014** – The 10ᵗʰ Court of Appeals issued a letter setting a deadline of December 24, 2014, for Shearer to file a response to the Court's question regarding its jurisdiction to hear the appeal.

**January 25, 2015** – The 10ᵗʰ Court of Appeals issued a memorandum opinion and dismisses Shearer's appeal for want of prosecution. Shearer's motion for extension of time to file his brief was dismissed as moot.

**January 30, 2015** – Shearer filed a Motion for Rehearing.

**February 19, 2015** – The 10ᵗʰ Court of Appeals denied Shearer's Motion for Rehearing, setting a petition for discretionary review deadline for March 23, 2015.

---

[1] For a large period of time during the appeal, Shearer served the State by provided copies of his filings with the Brazos County District Attorney's Office rather than the Brazos County Attorney's Office. As a result, the Brazos County Attorney's Office, the prosecuting entity which has handled the case since its filing in Justice of the Peace Court, has been unable to completely verify the exact dates on certain actions taken by Shearer despite its best efforts to coordinate with the Brazos County District Attorney's Office and supplementation of information using the 10ᵗʰ Court of Appeals Web site.

**March 20, 2015** – Shearer filed a Motion to Extend Time to File Petition for Discretionary Review requesting a 30-day extension.

**March 25, 2015** – The 10th Court of Appeals granted a 30-day extension, making the deadline to file April 22, 2015.

**May 22, 2015** – Shearer files Petition for Discretionary Review.

## ARGUMENT

### I.  SHEARER'S PETITION IS UNTIMELY

The 10th Court of Appeals issued its judgment on January 15, 2015, dismissing Shearer's appeal for want of prosecution. The Court overruled Shearer's Motion for Rehearing on February 19, 2015. As a result, a petition for discretionary review was due March 23, 2015. TEX. R. APP. PRO. 68.2(a). The 10th Court of Appeals subsequently granted a single thirty (30) day extension, creating a filing deadline of April 22, 2015.

Shearer did not file his Petition for Discretionary Review until May 22, 2015. Shearer states that his petition was not due until May 22, 2015, but provides no evidence to support any addition extensions granted beyond the 30-day extension granted by the 10th Court of Appeals.

In addition, Shearer failed in his required duty to serve his petition on the State Prosecuting Attorney. TEX. R. APP. PRO. 68.11.

3

As Shearer failed to submit a petition conforming to the governing rules, this Honorable Court should refuse discretionary review. TEX. R. APP. PRO. 68.6.

## II. THE 10TH COURT OF APPEALS DID NOT HOLD IT LACKED JURISDICTION TO HEAR THE APPEAL

Shearer asks for discretionary review by alleging the 10th Court of Appeals erred in ruling it lacked jurisdiction to hear his appeal of a traffic ticket. However, no such ruling was made and Shearer blatantly misquotes the opinion and judgment of the appellate court.

In a concise two-page opinion, the 10th Court of Appeals dismissed Shearer's appeal because of his total failure to pursue the matter.

> Under these circumstances, we conclude that the record demonstrates that appellant does not intend to pursue this appeal. Therefore, under our inherent authority, we dismiss this cause for want of prosecution. This cause is hereby dismissed.

(Petitioner's Appendix 2) (internal citations omitted). Additionally, the judgment issued by the Court also explicitly sets forth the grounds for dismissal.

> This cause came on to be considered and because appellants failed to demonstrate their intent to pursue this appeal, it is the opinion of this Court that the appeal should be dismissed; it is therefore ordered, adjudged and decreed that the appeal be, and hereby is, dismissed for want of prosecution.

There is no ambiguity in the language used and certainly no holding or ruling by the Court that it lacked jurisdiction to hear the appeal.

4

As Shearer's only complaint alleged in his petition concerns an action which was never taken, he fails to provide any grounds for review and this Honorable Court should refuse the petition.

### III. THE 10ᵀᴴ COURT OF APPEALS PROPERLY DISMISSED THE APPEAL FOR WANT OF PROSECUTION

Shearer has failed to provide any decision made by the 10th Court of Appeals setting forth grounds for discretionary review. *See* Tex. R. App. Pro. 66.3. As the 10th Court was never presented with an opportunity to issue an opinion or holding regarding the merits of the appeal, the only *possible* applicable argument for discretionary review would be to argue that its dismissal of the appeal for want of prosecution so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeal's power of supervision. *See* TEX. R. APP. PRO. 66.3(f).

This is obviously no such case. Shearer never presented a brief on which the 10th Court of Appeals could review action taken by a lower court and wholly failed to respond to any deadline set by the Court and rules governing practice before it. The Court's dismissal for want of prosecution was entirely proper and the only possible action available when an appellant so blatantly abandons an appeal.

Shearer's brief was due October 20, 2014. On November 7, 2014, the Court issued a letter indicating no brief had been filed and provided Shearer with

5

fourteen days to provide a satisfactory response. Shearer did not respond within the allotted time frame, but did file a motion for extension of time to file a brief.

On December 17, 2014, the Court issued another letter, this time requesting Shearer provide a response within seven days addressing a question regarding the Court's jurisdiction over such an appeal. Shearer never responded.

On January 15, 2015, after Shearer failed to meet specific deadlines provided by the Court on three separate occasions, the Court dismissed Shearer's appeal for want of prosecution. In its opinion, the Court made specific note of Shearer's lack of diligence in pursuing the appeal.

> In fact, throughout the process, appellant has only filed one this with this Court – a motion for extension of time to file a late brief that has not yet been filed.

(Petitioner's Appendix 2). When Shearer subsequently filed a motion for rehearing, he challenged the Court's supposed holding that it lacked jurisdiction to hear the appeal. At no point during the pendency of this matter before the 10th Court of Appeals did Shearer file a brief or any other pleading setting forth any grounds for review of reversal of the judgment of the trial court. Shearer's petition for discretionary review similarly lacks any allegation of any error in a ruling made by any prior court in this matter.

Simply, Shearer asks this Court to reverse a ruling which was never made after he failed to prosecute his appeal in any acceptable manner. He has failed to present any order, ruling, or action actually taken by any court providing grounds for reversal or further review of said action. He has failed to raise any issue worthy of review and his petition should be summarily refused.

## **PRAYER**

The State respectfully prays this Honorable Court refuse Shearer's Petition for Discretionary Review.

*/s/ Eric K. Quisenberry*____
**ERIC K. QUISENBERRY**
Assistant County Attorney
Brazos County, Texas
300 E. 26th Street, Suite 1300
Bryan, Texas 77803
Telephone: (979) 361-4300
Fax: (979) 361-4312
State Bar No. 24077850

7

## CERTIFICATE OF SERVICE

I, Eric K. Quisenberry, attorney for the State of Texas, do hereby certify that a true and correct copy of the foregoing document was sent to the following on this the 5th day of June, 2015.

R. SCOTT SHEARER
917 Franklin, Suite 230
Houston, Texas  77002

STATE PROSECUTING ATTORNEY
209 W. 14th Street
Austin, Texas  78701
information@spa.texas.gov

*/s/ Eric K. Quisenberry*___
**Eric K. Quisenberry**

## CERTIFICATE OF COMPLIANCE

At the request of the Court, I certify that this submitted filing complies with the following requests of the Court:

1. This filing is labeled with or accompanied by the following information:

   a. Case Name: <u>ROBERT SCOTT SHEARER V. STATE OF TEXAS</u>

   b. The Docket Number: <u>PD-0312-15</u>

   c. The Type of Brief: <u>State's Reply to Petition for Discretionary Review</u>

   d. Word Count: <u>2,716</u>

   e. The Word Processing Software and Version Used to prepare the filing: <u>Microsoft Office Word 2010</u>

2. This disc or CD (or email attachment) contains only an electronic copy of the submitted filing and does not contain any appendices, any portion of the appellate record (other than a portion contained in the text of the filing) hypertext links to other material, or any document that is not included in the filing.

3. The electronic filing is free of viruses or any other files that would be disruptive to the Court's computer system. The following software, if any, was used to ensure the filing is virus-free: <u>Symantec Endpoint Protection</u>.

4. I understand that a copy of this filing will be posted on the Court's web site and becomes part of the Court's record.

5. Copies have been sent to all parties associated with this case.


<u>/s/ Eric K. Quisenberry</u>
**Eric K. Quisenberry**